**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HOWARD COHAN** | * | **LEAD CASE: NO. 18-862** |
| | * | |
| **VERSUS** | | |
| | * | **JUDGE JOHN W.** |
| | | **DEGRAVELLES** |
| **ACADEMY, LTD.** | * | |
| | | **MAGISTRATE RICHARD** |
| | * | **L. BOURGEOIS, JR.** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

NOW INTO COURT comes Defendant, Academy Ltd., through undersigned counsel, who moves the court for a judgment dismissing Plaintiff, Howard Cohan's, claims for equitable relief pursuant to Rule 12(b)(1). Cohan's lack of standing deprives this Court of subject matter jurisdiction over his claims for equitable relief.[1] Cohan must show a "real or immediate" threat to establish standing to bring his claims under the ADA.[2] However, Cohan's allegations show no intent to return to Academy's store, making any future injury improbable.[3] Additionally, Cohan's claims for equitable relief are moot because Academy removed all the architectural barriers identified in his Complaint, which necessarily eliminates any controversy required to sustain this Court's subject matter jurisdiction.[4] Moreover, dismissing Cohan's claims for equitable relief

---

[1] *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992).
[2] *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997).
[3] *Deutsch v. Annis Enterprises, Inc*., 882 F.3d 169, 174 (5th Cir. 2018).
[4] *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 572 (5th Cir. 2018) (affirming the dismissal of plaintiff's claims for equitable relief as moot because defendant removed the architectural barriers identified in plaintiff's Complaint).

should also result in dismissal of Cohan's claims for attorney's fees, costs, and expenses because he is not considered a "prevailing party" pursuant to 42 U.S.C. § 12205.[5]

WHEREFORE, Academy requests this Court grant its motion to dismiss Cohan's claims with prejudice.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER # 19589
THOMAS J. MADIGAN, II # 28132
GABRIEL R. CRANE # 37646
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
E-mail:  jgarner@shergarner.com
**ATTORNEYS FOR ACADEMY, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2018, a copy of the foregoing Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Plaintiff's counsel, Keren E. Gesund, by operation of the Court's electronic filing system.

/s/ Thomas J. Madigan
THOMAS J. MADIGAN, II

---

[5] *See Galarza v. Ochsner Health Sys., Inc.*, No. 12-722, 2014 WL 1431708, at *4 (M.D. La. Apr. 14, 2014).