UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

HOWARD COHAN,

    Plaintiff,

v.

ACADEMY, LTD.,

    Defendant.

Civil Action No. 18-862-JWD-RLB

## JOINT STATUS REPORT

**A.    JURISDICTION**

1.    *Plaintiff claims:* This court has original subject matter jurisdiction pursuant to 42 U.S.C. §§ 12181 *et seq*, of Title III of the Americans with Disabilities Act of 1990 ("ADA") and 28 U.S.C. §1331.

2.    *Defendant Academy claims*: The Court lacks subject matter jurisdiction, as briefed in the Motion to Dismiss [Doc. 6]. Plaintiff lacks standing to bring his claims for equitable relief because his allegations show no intent to return to Academy's store in Baton Rouge, making any future injury improbable. Furthermore, Plaintiff's claims for equitable relief are moot because Academy removed the barriers identified in his Complaint.

**B.    BRIEF EXPLANATION OF THE CASE**

1. *Plaintiff Claims*: Plaintiff, Howard Cohan, claims the defendant, Academy, LTD (the "defendant") violated the ADA by failing to keep its facility clear of all architectural barriers which deny Mr. Cohan full and equal access to the goods and services the defendant offers to non-disabled individuals. Based on the foregoing, Mr. Cohan seeks an order declaring that he was

discriminated against on the basis of his disability and enjoining the defendant from maintaining the architectural barriers set forth in the complaint.

2. *Defendant Academy's claims*: Plaintiff's claims for equitable relief should be dismissed for lack of standing and mootness, as briefed in Motion to Dismiss [Doc. 6]. Plaintiff must show a real or immediate threat to establish standing to bring his claims under the ADA; however, his allegations show no intent to return to Academy's store, making any future injury improbable. Plaintiff's claims are moot because Academy removed all the purported barriers alleged in his Complaint, which necessarily eliminates any controversy required to sustain this Court's subject matter jurisdiction. Moreover, dismissing Plaintiff's claims for equitable relief should also result in dismissal of his claims for attorney's fees, costs, and expenses because he is not considered a "prevailing party" pursuant to 42 U.S.C. § 12205.

**C.    PENDING MOTIONS**

Academy's Motion to Dismiss [Doc. 6].

**D.    ISSUES**

The principal issues in dispute:

1. *According to Plaintiff:*

    a. Whether Mr. Cohan suffers from a qualified disability under 28 C.F.R. 36.104.

    b. Whether Mr. Cohan was denied full and equal access and enjoyment of the defendant's goods and services due to barriers present at the facility and the defendant's failure to make reasonable accommodations.

    c. Whether Mr. Cohan intends to return to the facility.

    d. Whether the defendant has repaired all barriers at the facility.

2. *According to defendant Academy*:

   a. Whether Plaintiff has standing to bring his claims for equitable relief under the ADA when Plaintiff has no intent to return to the Academy store at issue.

   b. Whether Plaintiff's claims for equitable relief under the ADA are moot in light of Academy's removal of all the alleged barriers identified in Plaintiff's Complaint.

   c. Whether Plaintiff is entitled to attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 12205.

E.  **DAMAGES**

1. *Plaintiff's calculation of damages*: Mr. Cohan seeks reasonable attorneys' fees, costs (including expert fees), and any other such relief as the Court deems just and proper.

2. *Academy's calculation of offset and/or Plaintiff's damages*: Plaintiff is not entitled to attorney's fees, costs, or expenses under the ADA. Academy removed the barriers identified in Plaintiff's Complaint without Plaintiff obtaining a judgment or consent decree; thus, Plaintiff is not a "prevailing party" pursuant to 42 U.S.C. § 12205.

F.  **SERVICE**

Service has been effectuated on all parties. There are no unresolved issues as to waiver or service of process, personal jurisdiction, or venue.

G.  **DISCOVERY**

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [X] NO

    a. Do any parties object to initial disclosures?

        [ ] YES    [X] NO

3

      b. For any party who answered *yes*, please explain your reason for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

      a. *By plaintiff*: Discovery is in its initial stages. Mr. Cohan anticipates conducting discovery pertaining to the defendant's expert witness and alleged repairs.

      b. *By Academy*: Academy may conduct discovery pertaining to the issues identified above.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. None at this time. The parties will work to confect an appropriate confidentiality/protective order, if any information is to be produced that requires one.

4. Discovery from Experts

      a. *By Plaintiff*: Mr. Cohan's claims are expert dependent. He will designate an expert witness to testify as to the architectural barriers at the facility and any alleged repairs thereto. He will also designate an expert to testify as to his disability.

      b. *By Academy*: Academy will designate expert witnesses after reviewing Plaintiff's expert disclosures or as otherwise deemed necessary

**H.**    **PROPOSED SCHEDULING ORDER**

The parties propose the following schedule in accordance with the form provided by the Court.

1. Proposed alternative timeframe to exchange initial disclosures: None

2. Recommended deadlines to join other parties or amend pleadings: **February 4, 2019**

3. Filing all discovery motions and completing all discovery except experts: **October 28, 2019.**

4. Disclosure of identities and resumes of expert witnesses:

    Plaintiff: **August 23, 2019**

    Defendant: **September 24, 2019**

5. Exchange of expert reports:

    Plaintiff: **August 23, 2019**

    Defendant: **September 24, 2019**

6. Completion of discovery from experts: **October 28, 2019**

7. Filing dispositive motions and Daubert motions: **November 28, 2019**

**I.** **TRIAL**

1. Has a demand for trial by jury been made?

    [ ] YES     [ X ] NO

2. Estimate the number of days that trial will require.

    *Plaintiff*: Plaintiff anticipates trial will require 3-4 days

**J.** **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

    [ ] YES     [ X ] NO

    i.  If the answer is *yes*, please explain:

    ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

        [X] YES     [ ] NO

**K.    SETTLEMENT**

1.    Please set forth what efforts, if any, the parties have made to settle this case to date. None. Defendant Academy has moved for dismissal.

2.    Do the parties wish to have a settlement conference:

[ X ] YES     [ ] NO

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial? After the dispositive motion deadline, or as otherwise may be agreed by the parties.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES     [ X ] NO

DATED this 15th day of November 2018.

| Gesund & Pailet, LLC | Sher Garner Cahill Richter Klein & Hilbert, LLC |
|---|---|
| */s/ Keren E. Gesund*<br>Keren E. Gesund, Esq.<br>Louisiana Bar No. 34397<br>3421 N. Causeway Blvd., Suite 805<br>Metairie, LA 70002<br>Tel: (504) 836-2888<br>Fax: (504) 265-9492<br>keren@gp-nola.com<br>Attorneys for Plaintiff | */s/ Thomas J. Madigan, II*<br>Thomas J. Madigan, II<br>Louisiana Bar No. 28132<br>909 Poydras Street<br>28th Floor<br>New Orleans, LA 70112-1033<br>Tel: (504) 299-2100<br>Fax: (504) 299-2300<br>tmadigan@shergarner.com<br>Attorneys for Academy, LTD |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of November 2018, a true and correct copy of the foregoing pleading was served electronically via ECF on all counsel of record.

*/s/ Keren E. Gesund*