UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HOWARD COHAN,<br><br>    Plaintiff,<br><br>v.<br><br>ACADEMY, LTD.,<br><br>    Defendant. | Civil Action No. 18-862<br><br>JUDGE JOHN W. DEGRAVELLES<br><br>MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through undersigned counsel, states the following in support of his amended complaint for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a limited partnership with its registered office located at 3867 Plaza Tower Dr, Baton Rouge, LA 70816 .

1

5.      Upon information and belief, Defendant owns or operates Academy Sports + Outdoors whose locations qualify each as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates the above paragraphs by reference.

7.      Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion (shoulder), a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb.

8.      At the time of Plaintiff's initial visit to Academy Sports + Outdoors (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.104.

9.      On May 9, 2018, Plaintiff personally encountered the following architectural barriers at the Facility located at 10808 Industriplex Blvd, Baton Rouge, LA 70809:

   a.   Men's Restroom:
      i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.
      ii.   Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

    iii.    Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

    iv.    Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

    v.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

    vi.    Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

    vii.    Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

    viii.    Failing to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination in violation of 2010 ADAAG §§213, 213.3 and 213.3.1.

10. Since the filing of Plaintiff's Complaint, Defendant claims to have repaired the above architectural barriers.

11. On December 11, 2018, Plaintiff returned to the 10808 Industriplex Facility and personally encountered the following remaining architectural barriers:

      i.      Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

      ii.      Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

      iii.      Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

      iv.      Failing to provide an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination in violation of 2010 ADAAG §§213, 213.3 and 213.3.1.

12.    Plaintiff did find a new ambulatory stall in the Facility's men's restroom but that stall was barred from public use (it was locked).

13.    Despite being inaccessible to the public, Plaintiff was able to determine that the stall fails to comply with the ADA as follows:

      i.      Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

      ii.      Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

      iii.    Failing to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§604 and 604.4.

14.    Also that month, Plaintiff visited 4 other Academy facilities and personally encountered the following architectural barriers:

15.    8464 Airline Highway, Baton Rouge, LA 70815 Facility:

    a.    Men's Restroom:

      i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

      ii.    Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

      iii.    Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

      iv.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

      v.    Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

16.    91 Westbank Expressway, Gretna, LA 70053 Facility:

    a.    Men's Restroom:

    i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    ii.    Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

    iii.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

    iv.    Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    v.    Failing to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6.

17.    8843 Veterans Memorial Blvd., Kenner, LA 70003 Facility:

    i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

    ii.    Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

    iii.    Failing to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.

      iv.    Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

      v.    Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

18.    800 S Clearview Pwky, Harahan, LA 70121 Facility:

      i.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

      ii.    Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

      iii.    Failing to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

      iv.    Failing to provide toilet cover dispensers at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

      v.    Failing to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606, 606.1 and 308.

19.    Given the overlap of architectural barriers at Defendant's various facilities it appears that Defendant does not have any policies or procedures in place to ensure ADA compliance.

20.     Plaintiff was denied full and equal access and enjoyment of the services, goods and amenities due to barriers present at the Defendant's Facilities and Defendant's failure to make reasonable accommodations.

21.     Plaintiff would return to the various Facilities if Defendant modifies the Facilities and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the discriminatory conditions at the various Facilities.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

22.     Plaintiff incorporates the above paragraphs by reference.

23.     This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facilities; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

24.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

25.     Plaintiff incorporates the above paragraphs by reference.

26.     Academy Sports + Outdoors is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

27.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

28. The above listed architectural barriers exist at Defendant's Facilities which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

29. Plaintiff personally encountered those architectural barriers set forth above.

30. Defendant has failed to remove some or all of the barriers and violations at its Facilities.

31. It would be readily achievable for Defendant to remove all of the barriers at its Facilities.

32. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

33. Defendant's policies, practices, or procedures of not training its staff to identify and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible.

34. Defendant's failure to modify its policies, practices, or procedures to allow its goods and services to be provided in the most integrated setting is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

35. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and violations listed in this Amended Complaint.

## RELIEF REQUESTED

36. WHEREFORE, Plaintiff respectfully requests that this Court:

37. Declare that the Facilities identified in this Amended Complaint are in violation of the ADA;

38. Declare that the Facilities identified in this Amended Complaint are in violation of the ADAAG;

39. Enter an Order requiring Defendant to make its Facilities accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

40. Enter an Order enjoining Defendant from allowing the above listed architectural barriers to recur.

41. Enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

42. Award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

43. Grant any other such relief as the Court deems just and proper.

Respectfully submitted this 29th day of January, 2019.

/s/ Keren E. Gesund, Esq.
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 29th day of January 2019, a true and correct copy of the above and foregoing pleading was served via the court's ECF system to:

Academy, LTD.
c/o James M. Garner
Thomas J. Madigan, II
Jeffrey Kessler
Sher Garner Cahill Richter Klein & Hilbert, LLC
909 Poydras Street
28th Floor
New Orleans, LA 70112-1033
Tel: (504) 299-2100
Fax: (504) 299-2300
jgarner@shergarner.com
tmadigan@shergarner.com
jkessler@shergarner.com
Attorneys for defendant

*/s/ Keren E. Gesund*